UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:13-CR-008 |
| | : | |
| vs. | : | |
| | : | JUDGE SARGUS |
| | : | |
| GREGORY R. KNIECE | : | |
| Defendant. | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

On January 31, 2013, defendant Gregory R. Kniece pled guilty to Count One of an Information charging him with Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §846. Pursuant to the Plea Agreement, the defendant and the United States agreed that the relevant conduct pursuant to United States Sentencing Guidelines (Sentencing Guidelines) §2D1.1 and §1B1.3 is 81,000 milligrams of oxycodone, yielding a base offense level 28.  The parties further agreed the defendant was a leader of criminal activity involving five or more participants, resulting in a four level increase pursuant to Sentencing Guidelines §3B1.1. Government further agreed to recommend to the Court a three (3) level reduction based on defendant's acceptance of responsibility for the offense, resulting in a Total Offense level 29.

In the Final Pre-sentence Investigative Report (PSR), the Probation Department correctly calculated defendant's Sentencing Guidelines at a Total Offense Level 29, Criminal History Category 1, with a Guideline Range of 87-108 months.  The Probation Department is recommending a downward eviation to 55 months imprisonment based on his military service and lack of criminal history.

SENTENCING GUIDELINES AND §3553(a) FACTORS

In January of 2005, the U.S. Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). In effect, *Booker* rendered the Sentencing Guidelines advisory for all criminal cases, and gave district courts enhanced discretion in the sentencing of criminal defendants. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005).

In order to secure nationwide consistency, "the [Sentencing] Guidelines should be the starting point and the initial benchmark." *United States v. Gall*,128 S.Ct. 586, 596-97 (2007); *United States v. Lalonde*, 509 F.3d 750, 763 (6th Cir. 2007). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Id.* (citing *Rita*, 127 S. Ct. at 2465) (observing that Congress mandated that the United States Sentencing Commission write sentencing guidelines that would carry out the objectives of 18 U.S.C. § 3553(a)). *See* 28 U.S.C. § 991(b). Once the guidelines have been considered, the court should, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, consider all the § 3553(a) factors and "make an individualized assessment based on the facts presented." *Gall at 596-97.*

At sentencing, the court may accept any undisputed portion of the pre-sentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A); *United States v. Carter*, 355 F. 3d 920 (6th Cir. 2004) ("the district court is allowed to accept as true all factual allegations in a pre-sentence report to which the defendant does not object") (quoting *United States v. Levy*, 250 F. 3d 1015, 1018 (6th Cir. 2001); *see also*, *United States v. Duckro*, 466 F. 3d 438, 449-450 (6th Cir. 2006) (finding district court's acceptance of the uncontested facts from the pre-sentence report was appropriate).

The sentencing judge may hear arguments by the parties that the Guidelines sentence should not apply in some cases because the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, or that the Guidelines sentence fails properly to reflect § 3553(a) considerations, or because the case warrants a different sentence regardless.  "Thus, the sentencing court subjects the defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure."  *Rita* at 2465; *see also United States v. Liou*, 491 F. 3d 334, 338 (6th Cir. 2007) (sentencing judge should satisfy the procedural requirement of setting forth enough to satisfy an appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own decision making authority).

The sentencing judge "must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications."  *Gall* at 596; *Liou* at 338 ("when a sentencing judge concurs with the Sentencing Commission's conclusion that a within-Guidelines sentence is appropriate for a given defendant, the explanation for the sentence generally need not be lengthy.")

In imposing a sentence, neither the district court nor the parties are to focus on the "reasonableness" of the sentence, but rather on the sentence's ability to accomplish the sentencing purposes in § 3553(a).  *United States v. Bolds*, 511 F. 3d 568, 578 (6th Cir. 2007); *see also United States v. Clark*, 469 F.3d 568, 571 (6th Cir.2007) (quoting *United States v. Foreman*, 436 F.3d 638, 644 n. 1 (6th Cir.2006)); *accord* 458 F.3d 505, 509-10 (6th Cir.2006).  On appeal, [s]entences falling within the applicable Guidelines range are afforded a rebuttable presumption of reasonableness.  *Rita* 127 S.Ct. at 2462; *Lalonde at* 769 (6th Cir. 2007).

The Sentencing Reform Act requires judges to consider the factors listed in Title 18, United States Code, Section 3553(a)(1)-(7) in determining the particular sentence to be imposed.  *Booker* at 764-65, *Gall* at 596-97.  These relevant factors are discussed below.

**A.  The nature and circumstances of the offense and the history and characteristics of the defendant.**

**Nature and Circumstances of the Offense:**

Over the course of several years, Kneice was the leader and organizer of multi-state pain medication conspiracy involving approximately 10 other individuals. Through contacts in California and Nevada, Defendant played a critical role in obtaining large quantities of oxycodone though the postal service. As part of the conspiracy, Kneice recruited friends and acquaintances to rent private mailboxes in an attempt to insulate himself from the narcotics being mailed. The couriers recruited by Kniece received money or narcotics in return for receiving and mailing parcels. After receiving the narcotics, Kneice distributed them to other individuals living in the Columbus area.  The total amount of oxycodone was 81,000 milligrams,

**History and Characteristics of the Defendant:**

The defendant has no criminal history.

**B.    18 U.S.C. §3553(a)(2):  The need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the defendant; and (D) to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.**

**The Seriousness of the Offenses**:

The offense in this case is serious because it involves the sale, purchase and interstate transport of large quantities of pain medications, which has become a very serious problem on a national scale and has become an epidemic in parts of southern Ohio.

**Specific and General Deterrence/ Protection of the Public:**

A fair but firm prison sentence is appropriate in this case to deter defendant and others from committing similar offenses.

**Training, Medical Care and Correctional Treatment**:

The defendant has a history of abusing steroids and may benefit from a substance abuse treatment program.

  **C. 3553(a)(3)and (4): Kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines.**

**Kind of Sentences Available:**

Conspiracy to Distribute Oxycodone carries a maximum sentence of 20 years. There is no mandatory minimum sentence. The defendant is eligible for period of probation period of not less than one year nor more than five years.

**The Sentencing Range Established for the Offense**:

The calculated Total Offense Level is 29, Criminal History Category I, with a guideline range of 87-108 months.

**Imposition of Period of Supervised Release:**

Conspiracy to Distribute Oxycodone requires the defendant to be on supervised release for at least 3 years.

> **D.** **18 U.S.C. § 3553(a)(6) and (7):  The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.**

**The Need to Avoid Unwarranted Sentencing Disparities:**

A sentence within the calculated Sentencing Guidelines would avoid unwarranted sentencing disparities

**Restitution:**

There is no restitution being sought by the Government in this case.

**CONCLUSION**

Consideration of the sentencing factors suggests a term of imprisonment within the Sentencing Guideline range is a firm but fair sentence in this case.  Accordingly , the United States recommends a sentence of 87 months which would be sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)

        Respectfully submitted,

        CARTER M. STEWART
        United States Attorney

        s/Kenneth F. Affeldt
        KENNETH F. AFFELDT (0052128)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, Ohio 43215
        (614) 469-5715
        Ken.Affeldt @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing Government's Sentencing Memorandum was served this 20th day of May, 2013, electronically on Kort Gatterdam, attorney for the defendant.

                                        s/Kenneth F. Affeldt
                                        KENNETH F. AFFELDT (0052128)
                                        Assistant United States Attorney