FILED
JOHN P. HEHMAN
CLERK
2014 OCT 29 AM 10: 45
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF OHIO (COLUMBUS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>v.<br><br>GREGORY R. KNEICE,<br><br>    Defendant | CRIMINAL NUMBER: CR-2-13-008<br><br>MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) |

PLEASE TAKE NOTICE that Defendant, Gregory R. Kneice, pro se, files this motion for a reduction in the sentence imposed in this case on February 20, 2014.

Motion is respectfully made to this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2), and is based upon the attached memorandum of points and authorities.

- 1 -

I.  JURISDICTION

This Court has jurisdiction over this pleading as found in the provisions of 18 U.S.C. § 3582(c)(2), which states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant...[T]he Court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a)[18 USCS § 3553(a)] to extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(2013).

Based on the statute's language, the obvious trigger for a district court's authority to resentence a defendant under § 3582(c)(2) is a lowering of the Guideline range used at the defendant's initial sentencing.

Furthermore, the United States Sentencing Guideline (U.S.S.G.) policy statement has included the amendment as being retroactively applicable under § 1B1.10(d).

## II. STATEMENT OF THE CASE

On February 20, 2014, Gregory R. Kneice, hereinafter "Defendant", having been found guilty of Conspiracy To Possess With Intent To Distribute a quantity of oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), was sentenced to 45 months imprisonment to be followed by 3 years of supervised release.

Defendant's Presentence Report (PSR) indicates that his drug offense involved oxycodone which, under U.S.S.G. § 2D1.1 of the Guidelines in effect at the time, were converted to an equivalent of marijuana, resulting in a base offense level of 28 (PSR ¶19). When combined with a four level enhancement for leadership role (PSR ¶22) and a three level reduction for entering a plea of guilty in a timely manner and acceptance of responsibility, resulted in a total offense level of 29. This level conjoined with a criminal history category I, called for a sentencing range of 87-108 months imprisonment.

Upon motion of the government, for Defendant's substantial assistance to authorities, under U.S.S.G. § 5K1.1, sentence was imposed at 45 months. This sentence reflected a reduction of 48.3% below the minimum of the guideline range. (See Judgment and Commitment, Statement of Reasons).

On November 1, 2014, an amendment to § 2D1.1 of the Guidelines took effect, which in general reduces by two levels the base offense levels in the Drug Quantity Tables across drug types, governing drug trafficking cases. Furthermore the amendment has been granted retroactive application by the Sentencing Commission by its inclusion in the list of retroactive amendments in § 1B1.10(d) of the Guidelines.

When Defendant's base offense level is recalculated, in accordance with the language of the amendment, his resultant base offense level is reduced, and therefore, he is entitled to be resentenced under the retroactively applied amendment.

## III. ARGUMENT

### A. THIS COURT HAS THE AUTHORITY AND DISCRETION TO MODIFY DEFENDANT'S SENTENCE

By the terms of the statute, 18 U.S.C. § 3582(c)(2), and the Guidelines, U.S.S.G. § 1B1.10, this Honorable Court has both the authority and discretion to reduce the Defendant's term of imprisonment.

U.S.S.G. Amendment 782, as amended by 788, has been granted retroactive application effective November 1, 2014 and has been included in the policy statement under U.S.S.G. § 1B1.10(d).

> "...§ 1B1.10 of the sentencing guideline does authorize the district court to reduce...sentence. See U.S.S.G. § 1B1.10[d](1997); United States v. Brown, 104 F.3d 1254, 1255 (11th Cir. 1997)."

United States v. Glinton, 154 F.3d 1245, 1259 (11th Cir. 1998).

> "A court can resentence a defendant under amendments that reduce a guideline sentence that the Sentencing Commission has designated to apply retroactively. See 18 U.S.C. § 3582(c), 28 U.S.C. 994(u)."

United States v. Jones, 55 F.3d 289, 296 (7th Cir. 1995).

> "Section 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. 1B1.10[d]. See United States v. Miller, 903 F.2d 341, 349 (5th Cir. 1990)."

United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).

The above referenced statute, guideline, and case citations support this Court's authority to modify Defendant's sentence,

within the parameters set forth in the applicable statutory and guideline references.

It should be noted, "However, a court's power to reduce sentences under the applicable statute, 18 U.S.C. § 3582(c)(2), is discretionary. See United States v. Cothran, 106 F.3d 1560, 1562 (11 Cir. 1997)." U.S. v. Glinton, 154 F.3d at 1259.

Other courts have treated application of the guideline and the statute as discretionary. See United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994); U.S. v. Mueller, 27 F.3d 494, 497 (10th Cir. 1994); U.S. v. Connell, 960 F.2d 191, 197 (1st Cir. 1992); U.S. v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); U.S. v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); U.S. v. Marcello, 13 F.3d 752, 757-58 (3rd Cir. 1994).

### B. DEFENDANT'S SENTENCE IS ELIGIBLE FOR MODIFICATION AND HE IS ENTITLED TO RESENTENCING

In the instant case Amendment 782, as amended by 788, to the U.S.S.G. Appendix C, has the effect of adjusting downward by two levels the base offense levels in the Drug Quantity Tables across drug types in U.S.S.G. § 2D1.1.

The amendment was granted retroactive application, effective November 1, 2014, and has been incorporated in the Sentencing Commission's policy statement under U.S.S.G. § 1B1.10(d).

Included in the policy statement is further direction, or guidance, in the administration of determining the reduction in term of imprisonment: **"In making such determination, the court shall substitute only the amendment listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."** See U.S.S.G. § 1B1.10(b)(1) 11/01/14.

Additionally, for those defendant's contending with the limitation of a mandatory minimum sentence, Amendment 759 revised § 1B1.10 to provide that the new sentence may not be lower than the amended guideline range unless the original sentence was below the original guideline range because of a government motion for substantial assistance. In such a case, **"a reduction comparably less than the amended guideline range...may be appropriate."** See § 1B1.10(b)(2)(B).

In Defendant's case, application of the aforementioned amendment reduces his advisory guideline range from 87-108 months to 70-87 months in prison.

Specifically, the amendment decreases Defendant's base offense level from 28 to 26, and his total offense level from 29 to 27. This offense level combined with a criminal history category I results in a revised sentencing range of 70-87 months.

To the extent this Honorable Court considers it appropriate to provide a reduction comparably less than the amended guideline range, for his substantial assistance, pursuant to U.S.S.G. § 1B1.10(b)(2)(B), Defendant's original sentence of 45 months amounted to a reduction of approximately 48.3% below the minimum of the original guideline range of 87 months. Therefore, an amended sentence of 36 months (representing a reduction of approximately 48.3% below the minimum of the amended guideline range of 70 months) would amount to a comparable reduction that is appropriate.

Because Defendant's sentencing range for his drug conviction "has been lowered by the Sentencing Commission", this Court has the authority under § 3582(c)(2) to resentence him.

## C. FACTORS IN CONSIDERATION OF SENTENCE MODIFICATION

Consistent with the statute and guideline policy statements that authorize a sentence modification the court is required to consider the factors set forth in 18 U.S.C. § 3553(a), <u>Factors to be considered in imposing a sentence</u>, to the extent that they are applicable. See 18 U.S.C. § 3582(c)(2).

Additionally, considerations in determining whether, and to what extent, a reduction in the defendant's term of imprisonment is warranted, the court may examine **Public Safety** and **Post-Sentencing Conduct**. See U.S.S.G. § 1B1.10, Application Note 1(B)(ii) and (iii). Each of these factors are discussed below.

### 1. 18 U.S.C. § 3553(a)

The Commission instructs the court to consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence after the guidelines have been retroactively amended.

The Defendant respectfully submits that each of these factors were carefully considered by this Court during the initial sentencing process and the determination was reached that a sentence within the applicable guideline range would be appropriate.

Moreover, the Defendant suggests that the amendment was promulgated after careful consideration of the factors listed in § 3553(a), and that it was intended for cases such as this where the sentence fell within the calculated guideline range without extraneous factors, subsequent to sentencing, that would negate its effects.

Finally, it is logical to assume after the amendment that new cases appearing before this Honorable Court, under similar circumstances, will result in the lower sentences intended by the Commission. The following commentary, by the Committee On Criminal Law of the Judicial Conference of the United States, succinctly articulated the exigency for retroactive application.

> Regardless of the date on which they were sentenced, they were sentenced under a guideline that undermined Congress' sentencing objectives. If the guideline was faulty and has been fixed for future cases, then we also need to undo past errors as well. Put another way, A [drug] offender's sentence should not turn on the happenstance of the date on which he or she was sentenced. Equity and fundamental fairness suggest that a [drug] offender who committed a crime in 2006 should be treated the same as a [dru] offender who committed exactly the same crime in [2014].

(COMMITTEE ON CRIMINAL LAW of the JUDICIAL CONFERENCE OF THE UNITED STATES, November 2nd, 2007, Pg. 3).

The Defendant respectfully asserts that the constitutional guarantees of Equal Protection and Due Process would compel this Honorable Court to adjust the instant sentence accordingly.

2. <u>Public Safety Considerations</u>

Under this second factor, listed by the Commission for consideration, the court is instructed to consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."

The Defendant respectfully reminds this Honorable Court that he is currently incarcerated at the Federal Prison Camp

in Beckley, West Virginia. Intrinsically, he is considered by the Justice Department to be a minimum security risk, posing little or no threat to society. The facility has no perimeter fence and does not control the movement of its inmates. Each inmate at the facility, including Defendant, is housed at the camp on his personal assurance that he will abide by the security regulations imposed by the Bureau of Prisons.

Additionally, he is classified as out-custody, making him eligible to work outside the facilities boundaries and potentially bringing him into contact with civilians.

Accordingly, the Defendant respectfully submits that any consideration for the public safety in this instance would weigh in favor of modifying the Defendant's sentence to the bottom end of the amended guideline range.

3. Post-Sentencing Conduct

The third factor listed by the Sentencing Commission for consideration counsels that "The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction...". U.S.S.G. § 1B1.10, Application Note 1(B)(iii).

Defendant would posit that his post sentencing conduct to date has been exemplary. He has been incarcerated for 9 months and has maintained clear conduct, following all institutional rules and regulations.

He has had a good adjustment with no concerns. As evidenced by his Program Review report, he maintains contact and good communication with his family who have presented a consistent family support system.

Additionally, Defendant is enrolled in, and almost finished with, the Bureau's Residential Drug Abuse Program (RDAP). His time has been used constructively in rehabilitational and personal development.

## IV. CONCLUSION

As explained _supra_, this Honorable Court originally sentenced Defendant to 45 months in prison, which represented a reduction of 48.3% from the minimum of the then applicable guideline range, for his substantial assistance. A similar sentence under the new guideline range would translate into 36 months in prison.

Nothing in the available record suggests the Court should impose anything other than the same type of sentence this time around. Indeed, the reasons set forth in this pleading support a reduced sentence to 36 months. Equity and fundamental fairness would compel that he benefit from the guideline reduction as those similarly situated today.

WHEREFORE, for the reasons stated above Defendant respectfully prays that this Honorable Court:

(1) Grant his motion for reduction to 36 months in prison.

(2) That the ruling be expedited, as combined with the RDAP he may be eligible for Residential Re-entry.

Dated: 10/25/2014

Respectfully Submitted,

_[signature]_
Gregory R. Kneice, Defendant,
pro se

CERTIFICATE OF SERVICE

I, Gregory R. Kneice, pro se, hereby certify that on the below executed date, I caused to serve the MOTION FOR MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(c)(2) on the Court and the United States Attorney in the above proceeding, by depositing the envelope containing that pleading in the United States mail, via the institutional mail system at the Federal Prison Camp in Beckley, West Virginia. Such mail was properly addressed, with first class postage prepaid and affixed, to:

> Clerk of the Court
> U.S. District Court
> U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, OH 43215

> Office of the U.S. Attorney
> 303 Marconi Boulevard
> Suite 200
> Columbus, OH 43215

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Title 28 U.S.C. § 1746.

Executed on: 10/23/2014

Gregory R. Kneice, Defendant
Reg. No. 70774-061
FPC Beckley, P.O. Box 350
Beaver, WV 25813

Department of Justice  
**INMATE SKILLS DEVELOPMENT PLAN**     Federal Bureau of Prisons  
**Current Program Review: 09-03-2014**



| | | | | |
|---|---|---|---|---|
| **Name:** | KNEICE, GREGORY R | **Institution:** | BECKLEY FCI | |
| **Register Number:** | 70774-061 | | P.O. BOX 1280 | |
| **Security/Custody:** | MINIMUM/OUT | | BEAVER, WV 25813 | |
| **Projected Release:** | 05-26-2017 / GCT REL | **Telephone:** | (304) 252-9758 | |
| | | **Fax:** | 700-295-4000 | |

| | | | |
|---|---|---|---|
| **Next Review Date:** | 09-02-2014 | **Driver's License/State:** | / |
| **Next Custody Review Date:** | 09-03-2015 | **FBI Number:** | 717719TD6 |
| **Age/DOB/Sex:** | 44 / 03-07-1970 / M | **DCDC Number:** | |
| **CIM Status:** | N | **INS Number:** | |
| | | **PDID Number:** | |
| | | **Other IDs:** | |

**Release Residence:**  
[POC]  
7150 MORSE ROAD  
NEW ALBANY, OH 43054  

**Release Employer:** [Name] [Address] [POC]

**Telephone:** [Phone]    **Contact:**    **Telephone:**

**Primary Emergency Contact:** Marti Conwell, Wife  
7150 Morse Road  
New Albany, OH 43054  
**Telephone:** (614) 551-8873  

**Secondary Emergency Contact:** [POC] [Address]    **Telephone:**

**Mentor Information:**

### Controlling Sentence Information:

| Offense(s)/Violator Offenses | Sentence | Sentencing Procedure |
|---|---|---|
| | 45 MONTHS | 3559 PLRA SENTENCE |

| Controlling Sentence Began | Time Served/Jail Credit/Inoperative Time | Days GCT/EGT/SGT | Days FSGT/WSGT/DGCT | Parole Status |
|---|---|---|---|---|
| 02-20-2014 | 6 MONTHS 16 DAYS / 1 / 0 | 176 / 0 / 0 | 0 / 0 / 0 | NOT ENTERED |

**Detainers:** N  
**Special Parole Term:** NOT ENTERED    **Supervision Term:** 3 YEARS  
**Pending Charges:** None known  
**Cim Status:** N    **Hearing Date:**    **Hearing Type:**    **Last USPC Action:**

| Financial Responsibility | Balance | Case No./Court of Jurisdiction | Assgn/Schedule Payment |
|---|---|---|---|
| ASSESSMENT | $100.00 | CR-2-13-008 | FINANC RESP-PARTICIPATES $50.00 SINGLE |

**Cim Reconciled:** N/A

### Payments
**Commensurate:** Y  
**Missed:** N

**Judicial Recommendations:** //

**Special Conditions of Supervision:**

### Financial Plan
**Active:** Y    **Comm Dep-6 mos:** $2445.19  
**Financial Plan Date:** 08-26-2014    **Commissary Balance:** $230.91

---

Department of Justice  
**INMATE SKILLS DEVELOPMENT PLAN**     Federal Bureau of Prisons  
**PROGRAM REVIEW: 09-03-2014**

**USPO**  
**Sentencing:** [POC] [District] [Street Address/Suite] [City], [State] [Zip]  
**Phone/Fax:** [Phone] / [Fax]

**USPO**  
**Relocation:** [POC] [District] [Street Address/Suite] [City], [State] [Zip]  
**Phone/Fax:** [Phone] / [Fax]

**Subject to 18 U.S.C. 4042(B) Notification:** Y    **DNA Required:** Y - [Date]  
- Conviction for a drug trafficking crime (federal)    **Treaty Transfer Case:** [Y,N]

**Profile Comments:**

### EDUCATION DATA

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| BEC | ESL HAS | ENGLISH PROFICIENT | 03-03-2014 | CURRENT |
| BEC | GED HAS | COMPLETED GED OR HS DIPLOMA | 03-03-2014 | CURRENT |
| BEC | C-PARENT9 | CAMP PARENTING 9-10 | 08-19-2014 | CURRENT |
| BEC | C-JOBSKIL9 | FPC JOB SKLS 9-10 | 08-19-2014 | CURRENT |
| BEC | CRDAP | RESID DAP 1130 AM-330 PM | 06-20-2014 | CURRENT |

### HIGH TEST SCORES

| Test | Subtest | Score | Test Date | Test Facl | Form | State |
|---|---|---|---|---|---|---|

Inmate has no score history items in this area

### COMPLETED EDUCATION COURSES

| Course Description | Completion Date | Course Hours |
|---|---|---|
| | | 0 |

Inmate has no course history items in this area

### WORK DATA

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| BEC | CCOMP | CAMP COMPOUND ORDERLY | 03-07-2014 | CURRENT |

### WORK HISTORY

| Facility | Assignment | Work Assignment Description | Start Date | Stop Date |
|---|---|---|---|---|

Inmate has no work history items in this area

### DISCIPLINE HISTORY

| UDC / DHO | Hearing Date | Report No. | Prohibited Act / Description | Sanction |
|---|---|---|---|---|

Inmate has no disciplinary history items in this area

### MOVEMENT DATA

| Facility | Assignment | Description | Start Date | Stop Date |
|---|---|---|---|---|
| BEC | A-DES | DESIGNATED, AT ASSIGNED FACIL | 02-20-2014 | CURRENT |